## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS A. CHENNADU | ) | CASE NO. 13-20436 |
|     DEBTOR | ) | |
| _____) | | CHAPTER 13 |
| THOMAS A CHENNADU | ) | |
|     MOVANT | ) | MARCH 11, 2015 |
| | ) | |
| V. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION | ) | |
|     RESPONDENT | ) | |
| | ) | |
| MOLLY T. WHITON | ) | |
|     CHAPTER 13 TRUSTEE | ) | |
| _____) | | |

### MOTION FOR LEAVE TO APPEAL

Thomas Chennadu, (hereinafter "Debtor"), by and through counsel Suzann L. Beckett, hereby submits this *Motion for Leave to Appeal*.  As will be expanded upon below, Debtor seeks leave to file an interlocutory appeal pursuant to 28 USC §158(a)(3) in order to appeal the Bankruptcy Court for the District of Connecticut's *Order Re Claim #4 By JPMorgan Chase Bank, National Association*, ECF 37, entered in this proceeding on the 27th day of May, 2014, and from the *Order of Debtor's Motion to Amend or Alter Judgment*, ECF 61, entered in this proceeding on the 12th day of June, 2014.

### QUESTIONS PRESENTED

1. Under Connecticut law, is the identity of the owner of a mortgage note relevant to a Bankruptcy Court's analysis of a debtor's objection to a defective proof of claim filed by a mortgage servicer?

2.  Did the Bankruptcy Court err in failing to make any factual findings in support of its
    determination that Chase was a holder in due course of the debtor's note?

3.  Did the Bankruptcy Court err in adopting the reasons but not the factual allegations
    set forth in Chase's *Reply to the Debtor's Objection to Claim no. 41* and its *Motion
    for Leave to Amend*?

4.  Did the Bankruptcy Court err in overruling Debtor's Objection to Proof of Claim and
    in allowing Chase to amend a Proof of Claim in which Chase falsely claimed to be
    the creditor instead of merely an agent-servicer, and where Chase failed to identify
    the actual creditor or provide proof it had authority to act on the actual creditor's
    behalf?

5.  Did the Connecticut Supreme Court's decision in *J.E. Robert Co. v. Signature
    Properties LLC* completely eliminate rebuttable presumption that the holder of a note
    is presumed to be the owner of the debt?

## STATEMENT OF FACTS

JPMorgan Chase Bank, National Association (hereinafter "Chase") is the servicer for
Thomas Chennadu's (hereinafter "Debtor's) mortgage loan.  July 10, 2013 was the proof of
claim bar date in the Debtor's Chapter 13 bankruptcy proceeding.  On that date, Chase filed
Proof of Claim 4-1, which stated that it had the right to foreclose on the Debtor's Note because
said Note was either; 1) payable to Chase; or 2) duly indorsed.  In support of that assertion,
Chase attached to its Proof of Claim a copy of Debtor's Note that was not payable to Chase and
was not duly indorsed.  Chase identified itself as the "creditor" in its proof of claim.  Chase did
not indicate that it was "the creditor's authorized agent" and did not provide any documents
showing its receipt of authority to file a proof of claim on a principal-creditor's behalf.

The Debtor filed an *Objection to Proof of Claim*, (hereinafter, "*Objection*") ECF No. 33, on the grounds that Chase failed to establish its standing to enforce the Debtor's Note. Chase then filed a *Motion for Leave to Amend Proof of Claim*, (hereinafter, "*Motion for Leave to Amend*") ECF No. 37 to which Debtor also objected.

In its *Motion to Amend for Leave to Amend*, Chase produced as an exhibit, a different version of the Debtor's Note. This new version contained an undated, stamped, indorsement in blank purportedly from Cynthia Riley, V.P., Washington Mutual Bank, F.A. Chase argued in its *Motion for Leave to Amend* and in its *Reply* that its possession of the different, indorsed in blank version of the Note, afforded it standing in the bankruptcy proceeding.

On May 27, 2014, the Court issued its "*Order Re: Claim #4 by JPMorgan Chase Bank, National Association*" ECF No. 59 (hereinafter, "Order") (attached as *Exhibit A*). In it, the Court overruled Debtor's *Objection to Proof of Claim* and granted Chase's *Motion for Leave to Amend*. In its decision, the Court stated that it had adopted as its own, the reasons stated in Chase's *Motion for Leave to Amend* and Chase's *Reply to the Debtor's Objection to Claim*" (hereinafter, the "*Reply*").

On June 10, 2014, the Debtor filed a *Motion to Amend or Alter Judgment*, ECF No. 6, which asked the court to remove reference to any facts within Chase's *Reply* that were in error. Specifically, in its *Reply*, Chase indicated that it owned the Debtor's Note by virtue of having "acquired the [Debtor's] Note by virtue of a Purchase and Assumption Agreement executed by Chase and the Federal Deposit Insurance Corporation acting as the receiver for [Washington Mutual Bank, FA]." The *Reply* further stated "the Note was indorsed by [Freedom Choice Mortgage, LLC] to [Washington Mutual Bank, FA] and, subsequently assigned from [Washington Mutual Bank, FA] to Chase by way of the Purchase and Assumption Agreement."

During a May 22, 2014, hearing on the Debtor's *Objection to Proof of Claim* and on Chase's

*Motion for Leave to Amend Proof of Claim* counsel for Chase stated that Chase did not acquire

the Debtor's Note by virtue of a Purchase and Assumption Agreement with the FDIC acting as

receiver for Chase.  Counsel indicated that Chase's *Reply* was incorrect on this point and he

stipulated to the fact that Federal National Mortgage Corporation (hereinafter "Fannie Mae")

actually owns the Debtor's Note.

> In its Order on Debtor's *Motion to Amend or Alter Judgment*, the Court stated:

> As precisely quoted, *supra,* **the Court, in the Order, adopted as its own
> the** *reasons* **set forth in the Reply, not the factual allegations therein.** The
> reasoning adopted by the Court is unaffected by whether Fannie Mae, Chase, or
> some other entity is the "owner" of the Note; it derives entirely from Chase's
> status under Article 3 of the Uniform Commercial Code ("U.C.C."), Conn. Gen.
> Stat. §42a-3-101 *et seq.,* as the holder in due course of the Note.

> "Person entitled to enforce" an instrument means (1) the *holder* of the instrument .
> . . . A person may be a person entitled to enforce the instrument *even though* the
> person is *not the owner* of the instrument. . . .Conn. Gen. Stat. § 42a-3-301
> (emphasis added).

> Simply stated the resolution of the Motion was unaffected by whether Fannie Mae
> "owned" the Note. Because the Order **adopted the reasoning, not the factual
> representations**, of the Reply, and "ownership" of the Note was irrelevant in the
> Court's resolution calculus.

In Re. Chennadu, *Brief Memorandum and Order of Debtor's Motion to Amend or Alter
Judgment*, June 12, 2014, ECF 61 (emphasis added) (attached as *Exhibit B*).

## **ARGUMENT**

To determine whether it is proper to hear an appeal from a bankruptcy court's

interlocutory order, the District Court looks to the standards courts of appeals use to determine

whether they may hear interlocutory appeals from a district court order. 28 U.S.C. § 158(c)(2).

Leave to accept an interlocutory appeal may be granted when (1) the order appealed from

involves a controlling question of law, (2) as to which there is substantial ground for difference

of opinion, and (3) an immediate appeal from the order may materially advance the ultimate

termination of the litigation. 28 U.S.C. § 1292(b). "[O]rders in bankruptcy cases may be

immediately appealed if they finally dispose of *discrete disputes within the larger case*")

(internal quotation omitted). *See, In re Johns-Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987)

 As will be expanded upon below, substantial grounds for difference of opinion exist

regarding the importance of identifying the owner of a mortgage note and the extent of autonomy

a servicer has to independent file a proof of claim in bankruptcy proceedings. The issues

presented on appeal are controlling in that there exist very few claimants in the Debtor's

bankruptcy and Chase has the most significant potential claim.  The reversal of the Bankruptcy

Court's decisions on the Debtor's *Objection to Proof of Claim* and Chase's *Motion for Leave to

Amend*, would effectively end the bankruptcy proceedings and at a minimum would materially

affect the termination of the proceedings through the removal of Chase as a creditor. *See,* 28

USC §1292(b).

<u>Chase Cannot Be a Holder in Due Course Absent a Finding of Fact.</u>

 "A proof of claim that complies with the filing and documentary requirements of Federal

Rule of Bankruptcy Procedure 3001 and Official Form 10 shall constitute prima facie evidence

of the validity and amount of the claim.'" *In re King*, 2010 WL 4290527, at *5 (Bankr. E.D.N.Y.

Oct. 20, 2010) (citing FED. R. BANKR. P. 3001(f)). When the debtor demonstrates that the

proof of claim lacks evidence to prove its validity, the creditor "is required to come forward with

evidence to support its claims…and bears the burden of proving its claims by a preponderance of

the evidence." *In re Tracey*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008).

 Here, Chase's proof of claim did not establish prima facie validity of its claim because it

did not meet the documentary requirement of attaching a note specially indorsed to it or indorsed

in blank.  The note attached to Chase's proof of claim did not establish that Chase was a holder

of the Debtor's note.  The proof of claim also failed to establish that Chase was a nonholder with

the rights of a holder because Chase did not offer any evidence that it received authority to act on

an authorized principal's behalf.  In fact, Chase failed to indicate that it was an agent of an

authorized creditor had standing in the Debtor's bankruptcy proceeding.  Chase falsely indicated

that it was the creditor.  Since Chase's proof of claim failed to provide prima facie evidence of

its validity, Chase was required to introduce facts proving, by a preponderance of the evidence,

that it was entitled to pursue its claim against the Debtor.

Legal Uncertainty Following J.E. Robert Co. v. Signature Properties

In 2013, the Connecticut Supreme Court, in *J.E. Robert Co. v. Signature Properties*

*LLC,* 309 Conn. 307 (2013), said that a mortgage servicer has standing to foreclosure a mortgage

in its own name, even if it is does not hold the note, as long as the servicer can prove it acquired

the rights to enforce the note from the owner.  In that case, the servicer produced a pooling and

servicing agreement and a power of attorney which showed that the owner of the debtor's note

had granted the servicer the authority to enforce the note, including through foreclosure.

It is not clear the extent to which that precedent extends to the bankruptcy context.

However, it is apparent that the rationale from that decision was adopted by Chase (and

ultimately the Bankruptcy Court) in support of its assertion of standing in the present matter.

Both Chase and the Bankruptcy Court cite the same UCC language relied upon by the

*J.E. Robert* court.  Specifically, Chase's *Response to Debtor's Objection to Motion for Leave to*

*Amend*, ECF No. 56 and the Court's *Brief Memorandum and Order on Debtor's Motion to*

*Amend or Alter Judgment*, ECF64, both wrote that under Conn. Gen. Stat. §42a-3-301:

"Person entitled to enforce" an instrument means (I) the *holder* of the

instrument…A person may be a person entitled to enforce the instrument even

though the person is *not the owner* of the instrument…

The idea that ownership matters in the context of a party filing a proof of claim, as Chase

did, that does not prove it holds the debtor's note, and does not show that it has received

authority from the actual holder or owner to enforce said note. *See, J.E. Robert Co.,* 309 Conn. at

319-20.

It is not clear that the court in JE Robert dispensed with the presumption established in

the earlier Connecticut Supreme Court case of *RMS Properties v. Miller*, which found that "a

holder of a note is presumed to be the owner of the debt, and unless the defendant rebuts that

presumption, a holder of the note is entitled to foreclose the mortgage." *RMS Properties*, 303

Conn, 228-9.

In reaching the conclusion that the special servicer had standing to bring the

foreclosure action in its own name even as a nonholder of the note, the Court

stressed that, under C.G.S. § 42a-3-301, a person may be a person entitled to

enforce an instrument "even though the person in not the owner of the

instrument." In this regard, the Court stated that the defendants' reliance on its

prior decision in *RMS Residential Properties LLC v. Miller*, 303 Conn. 224

(2011), for the proposition that "only the rightful owner of the note has the right

to enforce the mortgage," was misplaced. The Court explained that this principle

applies where different parties own the note and mortgage at the time the

foreclosure action is commenced, which was not the case in J.E. Robert."

Joseph Cherico, *SC Year in Review: Loan Servicer Has Standing to Foreclose*, Ct. Law Trib.,
September 27, 2013.

  In this case, different parties owned the note and mortgage at the time the foreclosure act
was commenced. Chase has admitted that the debtor's note was been owned by Fannie Mae, and
has provided an Assignment of Mortgage purportedly showing its acquisition of the Mortgage
prior to the filing of its proof of claim and the underlying state court foreclosure action.
Therefore, this case is substantially distinguishable from *J.E. Robert*. This case is further
distinguishable from *J.E. Robert* because there, the servicer produced a pooling and servicing
agreement and a power of attorney which clearly showed that the owner of the note authorized
the servicer to foreclose in its place. In this case, Chase filed a proof of claim that did not prove
it held the note and which did not prove it ever received authority to foreclose from the owner of
the debtor's note.

> Our statement in *RMS Residential Properties, LLC v. Miller* that "a holder of a
> note is presumed to be the owner of the debt, and unless the presumption is
> rebutted, may foreclose the mortgage under § 49-17," was not intended to suggest
> that mere proof that someone other than the party seeking to foreclose is the
> owner of the note will require dismissal for lack of standing. Rather, under such
> circumstances, the burden would shift back to the plaintiff to demonstrate that the
> owner has vested it with the right to receive the money secured by the note.

*J.E. Robert,* 309 Conn. at fn. 18.

  Here, proof that someone other than the Chase owns the debtor's note has been provided
by counsel for Chase as Chase's counsel admitted during a May 22, 2014 hearing that it never
acquired the Debtor's Note from the FDIC and that the note is in fact owned by Fannie Mae.
Under *J.E. Robert*, the burden should have shifted to Chase to prove that the note owner vested it
with the requisite authority. The concept of note ownership is inherent to the evaluation required
by *J.E. Robert*. Therefore, the Bankruptcy Court erred when it wrote, "[s]imply stated the

resolution of the Motion was unaffected by whether Fannie Mae 'owned' the Note. Because the

Order adopted the reasoning, not the factual representations, of the *Reply*, and 'ownership' of the

Note was irrelevant in the Courts resolution calculus." *Brief Memorandum and Order on*

*Debtor's Motion to Amend or Alter Judgment*, ECF No. 64

Reason Unsupported by Fact Cannot Exist

Whether a party qualifies as a holder in due course is a question of fact.  In its *Reply*,

Chase put forward the argument that it could enforce the Note.  It then provided its reasoning for

this belief by introducing supporting facts.  That is, the Creditor's facts are intrinsic to and

inseparable from its reasoning. The facts in the Creditor's Reply were put there in an attempt to

explain and justify its purported status as a holder in due course.  For example, Chase made the

factual representations that it has had physical custody of the Debtor's note "at all times relevant

to this bankruptcy proceeding and the pending foreclosure has been the party entitled to enforce

the Note from the Debtor." *Motion for Leave to Amend,* at 5.  The court did not adopt any the

facts contained in the Chase's *Reply* or *Motion for Leave to Amend*.  As a result, it cannot

logically adopt its reasoning.  Having filed a defective proof of claim, Chase was required to

prove its authority to enforce its claim by a preponderance of the evidence.  By failing to adopt

any of the facts put forward by Chase, the Bankruptcy Court could not have found that Chase

proved that authority in any manner, let alone by a preponderance of the evidence.

## CONCLUSION

For all the foregoing reasons, the Debtor, Thomas Chennadu respectfully requests the

Court grant this *Motion for Leave to Appeal*.


THOMAS CHENNADU

By: *Suzann L. Beckett*
Suzann L. Beckett
543 Prospect Avenue
Hartford, CT  06105
Ct 02186
860-236-1111