# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE:<br>    THOMAS CHENNADU<br><br>    DEBTORS<br><br>_____<br>THOMAS A. CHENNADU<br><br>    MOVANT<br><br>V.<br><br>JPMORGAN CHASE BANK, N.A. and<br>MOLLY T. WHITON, CH. 13 TRUSTEE<br><br>    RESPONDENTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 13<br><br>CASE NO. 13-20436<br><br>MARCH 31, 2015 |

## OPPOSITION TO THE DEBTOR'S MOTION FOR LEAVE TO APPEAL

JP Morgan Chase Bank, National Association, ("Chase") hereby files this opposition to the Debtor's Motion for Leave to Appeal. The Debtor seeks to appeal from the Bankruptcy Court's Order of May 27, 2014 (Doc. ID # 59) overruling the Debtor's Objection to Chase's Proof of Claim and granting Chase's Motion to Amend its Proof of Claim. Chase files this Opposition for two reasons. First, the Motion for Leave is not timely and, second, the Debtor has not satisfied the elements required to appeal from the Bankruptcy Court's interlocutory order. As a result, the Debtor's Motion for Leave to Appeal should be denied.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## I. BACKGROUND

It is undisputed that on or about October 24, 2005, the Debtor signed a Promissory Note (the "Note") in the original principal amount of $280,000.00 and executed in favor of Freedom Choice Mortgage, LLC ("Freedom"). The Note was then endorsed over to Washington Mutual Bank, FA ("WMB"). While the Debtor takes issue with the manner in which the endorsement was done, the Debtor was provided a "Notice of Assignment" informing him that that Freedom had "assigned, sold, or transferred" the Note to WMB[1].

Also undisputed is that to secure the Note, the Debtor also executed, on or about October 24, 2005, an Open-End Mortgage Deed (the "Mortgage") which secured the real property located at 67-71 Dover Road, West Hartford, Connecticut (the "Property"). On or about May 30, 2012, MERS, as nominee for Freedom Choice Mortgage, LLC assigned the Mortgage to Chase.

On March 10, 2013, the Debtor filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. On July 5, 2013, Chase timely filed it Proof of Claim. On December 19, 2013, the Debtor filed an Objection to Chase's Proof of Claim. Distilled to its essence, the Debtor's Objection essentially argued that Chase is not the holder of the Note and, therefore, cannot enforce it. Chase then filed a Motion to Amend the Proof of Claim. The Debtor then objected to that motion arguing that Chase's Claim should be disallowed as it did not conform to the requirements of Bankruptcy Rule 3001. Both the Debtor's Objection to Claim and Chase's Motion to Amend were heard by the Bankruptcy Court on May 22, 2014. On May 27, 2014, the Bankruptcy Court issued an Order overruling the Debtor's

---

[1] While the Debtor takes issue with the endorsement, at no point did the Debtor ever deny having received this letter.



- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Objection to Claim and granting Chase's Motion to Amend its Claim (the "Order"). The Debtor then filed a Motion to Amend the Judgment which Motion was promptly denied. See, Doc. ID #64. The Debtor then filed its Motion for Leave to Appeal. On October 7, 2014, that Motion was denied without prejudice to refiling by the District Court[2]. For reasons that are unknown[3], the Debtor did not refile the Motion for Leave. Instead, the Debtor waited approximately five and a half months and commenced this appeal on March 17, 2015. For the reasons that follow, this Motion for Leave should be denied as well.

## II.     DISCUSSION

First and foremost, the Debtor's Motion for Leave should be denied as it is untimely. Rule 8004 of the Federal Rules of Bankruptcy Procedure states that a, "notice of appeal and motion for leave to appeal … must be filed within the time allowed by Rule 8002." Rule 8002, in turn, provides for a 14 day appeal period "after entry of the judgment, order, or decree being appealed". Rule 8004 also states that, [i]f the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise." While 8002 may provide for the extension of the time to appeal, the appeal period can only be extended 21 days, "if the party shows excusable neglect", see Rule 8002 (d)(1)(B), and no extension may exceed 21 days after the time prescribed by this rules …" Rule 8002 (d)(3).

In this case, it is clear that the Debtor did not seek any extension of the appeal period, however, even if he had, such period would have lapsed at the latest on October

---

[2] That initial appeal was timely commenced on July 14, 2014 and bore docket number 3:14-mc-00079-VLB.

[3] While Chase cannot be certain, it may be that that this new appeal was filed as the Debtor dramatically changed the "Questions Presented" contained in his second Motion for Leave to Appeal.

- 3 -


HALLORAN
&SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

October 28th of last year. A litigant seeking to appeal an order of the bankruptcy court must file a notice of appeal within 14 days, "of the date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr.P. 8002(a). A failure to timely file the notice of appeal may result in dismissal by the district court. Traversa v. Education Credit Management Corp., 386 B.R. 386, 388 (2008, D.Conn.), ref, Houston v. Aames Funding Corp., 240 Fed.Appx. 910, 911 (2d Cir.2007) (summary order) (dismissal of interlocutory bankruptcy appeal filed outside of the ten-day window proper "regardless of whether the 10–day period is a jurisdictional limitation or merely an inflexible claim-processing rule") (internal quotation omitted). As a result, because the Motion was not timely filed, it should be denied.

However, even putting aside the issue of whether this appeal is timely, the Motion should be denied as it fails to meet the standard for the granting of such motions. The standards for entertaining an interlocutory appeal from a bankruptcy court decision are the same as those applied under 28 U.S.C. § 1292(b), which governs appeals of interlocutory decisions from district courts to the courts of appeals. Section 1292(b) authorizes consideration of such appeals that raise a controlling issue of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. A. § 1292(b). In deciding whether to entertain an appeal from an interlocutory order of a bankruptcy judge, district courts generally have applied the standards of 28 U.S.C. § 1292(b). See e.g. Urban Retail Properties v. Loews Cineplex Entertainment, 2002 WL 535479 at 4 (S.D.N.Y. Apr. 9, 2002) ("The standard for determining whether leave to appeal from an interlocutory

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bankruptcy order should be granted ... is given by 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal.")  Under § 1292(b), a party seeking certification must demonstrate that the disputed ruling: (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  See, 28 U.S.C. § 1292(b)8; see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23 (2d Cir.1990); German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y.1995).

Courts in the Second Circuit generally deny motions for leave to appeal where a review of the bankruptcy court's factual determinations is necessary.  See, e.g. Enron Corp v. Springfield Assocs., LLC, 2006 WL 2548592 at 4 (S.D.N.Y., 2006) (noting that to grant leave the "question of law" must refer to a "pure" question of law that the reviewing court could decide quickly and cleanly without having to study the record.  The Second Circuit has repeatedly "urged the district courts to exercise great care in making a § 1292(b) certification."  Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir.1992).  Certification of a permissive interlocutory appeal is limited to "extraordinary cases where appellate review might avoid protracted and expensive litigation", see German, 896 F.Supp. at 1398, and is not intended as a vehicle to provide early review of difficult rulings in hard cases. Id.; Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982).  The first prong of that standard "refer[s] to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record.... The question must also be 'controlling' in the sense that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y.2005) (internal quotation marks and footnotes omitted). However, "[m]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." Ellsworth, et al v. Myers, et al (In re Cross Media Mktg. Corp.), 2007 WL 2743577, at 2 (S.D.N.Y. Sept.19, 2007) (citing Estevez–Yalcin v. Children's Vill., 2006 WL 3420833, at 4 (S.D.N.Y. Nov. 27, 2006).

In order to obtain leave to appeal, the Movant must also show a substantial ground for difference of opinion with respect to a controlling question. In re Pappas, 207 B.R. 379, 38 (2d Cir. 1997). "Substantial ground for difference of opinion exists where '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" In re Coudert Bros., 447 B.R. 706, 712 (Bankr.S.D.N.Y.2011). "Generally speaking, the substantial difference of opinion standard is met if there is a circuit split on the controlling question ..." In re Complete Retreats, LLC, 2008 WL 220752 at 3. However, "[m]erely claiming that the bankruptcy decision was incorrect is insufficient to establish substantial ground for difference of opinion." Ellsworth, et al. v. Myers, et al. (In re Cross Media Mktg. Corp.), 2007 WL 2743577 at 7(S.D.N.Y., 2007)

In this case, the Debtor raises five questions (see, Motion at 1-2) as to why leave to appeal should be granted. All of them (with the possible exception of the last questions)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

are, at best, factual disputes. The discussion that follows will discuss each question in he order they are raised in the Debtor's Motion.

### A. The Owner of the Mortgage Note does not represent a "controlling legal issue"

In his Motion, the Debtor argues that the Bankruptcy Court should have made a factual finding as to who owned the mortgage note prior to ruling on the Debtor's Objection to Chase's proof of claim. First, this would appear to represent a purely factual issue made by the Debtor to appear as though it is a legal issue. However, to the extent it is a legal issue, there cannot be said to be any "substantial grounds for opinion." That is because, as pointed out by the Bankruptcy Court, the holder of the note is entitled to enforce it and, therefore, the owner of the note is not relevant to the Court's decision. See, Doc. ID. #64 at 2. As stated by the Bankruptcy Court, Chase's standing to enforce the promissory note is set forth in the provisions of the Uniform Commercial Code as adopted in General Statutes § 42a–1–101 et seq. Under these statutes, only a "holder" of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. General Statutes § 42a–3–301. The "holder" is the person or entity in possession of the instrument if the instrument is payable to bearer. General Statutes § 42a–1–201(b)(21)(A). When an instrument is endorsed in blank, it "becomes payable to bearer and may be negotiated by transfer of possession alone...." General Statutes § 42a–3–205(b). Since it is uncontested that Chase was the holder of the Note[4] it was entitled to enforce it and the identity of the owner of the Note was not required. Moreover, the Debtor does not provide

---

[4] The original Note was inspected by Debtor's counsel prior to the hearing and the original Note was brought to the hearing in the event an inspection was sought.

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

this Court any Second Circuit authority showing a "substantial difference of opinion". As a result, this question cannot serve as the basis for a party seeking leave to appeal.

### B. Whether Chase was a holder in due course is irrelevant to the Court's ruling

As set forth above, Chase was found to be the holder of the note and entitled to enforce it. The Debtor now claims that the Bankruptcy Court was required to make a factual finding as to whether Chase was a holder in due course. However, the Debtor provides no authority in his Motion that the Bankruptcy Court was legally bound to make such a determination. It is clear that the Bankruptcy Court after finding Chase to be the holder saw no need to make any further determinations as to whether Chase was a holder in due course.

While the Debtor may claim that Chase was not able to establish itself as the holder of the Note, the Bankruptcy Court clearly disagreed. Perhaps more importantly, however, this issue has to do with the Court's factual findings and not the law relied upon by the Bankruptcy Court. In addition, the Debtor again fails to provide any authority to demonstrate a difference of opinion on this issue within the Second Circuit. For all of these reasons, this issue cannot serve as a basis for the granting of a motion seeking leave to amend.

### C. The Debtor's attack on the Bankruptcy Court's refusal to rely upon Chase's factual allegations is also not a proper basis for obtaining leave to appeal.

Next, the Debtor claims that the, "Bankruptcy Court erred in "adopting the reasons but not the factual allegations set forth in Chase's Reply to the Debtor's Objections to Claim no. 41 and its Motion for Leave to Amend." See, Motion at 2. It is difficult to see how this issue presents a controlling issue of law as the Debtor is attacking the Bankruptcy

- 8 -
HALLORAN
&SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Court's refusal to rely on certain fact or set of facts. It appears the reasons for the Bankruptcy Court's refusal to do so is, as pointed out above, it was not required to find certain facts as it found Chase to be the holder of the note and was not required to go any further in its analysis. This is because of the controlling law with regard to holder and the rights they possess to enforce the instrument at issue. The Debtor does not raise any cases in his Motion hold that Chase cannot legally have been the holder of the Note and was not, as a matter of law, allowed to enforce payment of the Note. At most, the Debtor seems to be taking issue with the Court's finding that Chase was the holder of the note. At best this is a factual finding and, again, not one proper for a Motion for Leave to Appeal.

### D. The Debtor's attack on the Bankruptcy Court's granting of Chase's Motion to Amend its proof of claim is not seriously in dispute.

Next, the Debtor appears to take up the argument that the Bankruptcy Court erred in allowing Chase to amend its Proof of Claim. As pointed out by Chase in the Bankruptcy Court, such amendments are typically freely permitted. See, In re W.T. Grant Co., 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985) (Where the purpose of the amendment is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim, amendments are freely allowed.) Nowhere does the Debtor point to any case law[5] that amendments are not allowed if their purpose is to correct a mistake (in this case, that Chase was the servicer not the actual creditor). As a result, there are no substantial grounds for a difference of opinion on that issue. Therefore, it is not a proper basis for a motion for leave.

---

[5] In fact, the Debtor provides no case law on this issue in his Motion.

- 9 -


HALLORAN
&SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

E. <u>The question regarding whether the rebuttable presumption that the owner of the note is presumed to be the owner of the debt is not at issue here and, even assuming it were, does not present an issue for which there is a difference of opinion.</u>

Lastly, the Debtor attempts to create a legal issue by referencing the case of <u>J.E. Robert Company, Inc. v. Signature Properties, LLC, et al.</u>, 309 Conn. 307. The Debtor does this in an attempt to argue that that case, referenced by Chase in its pleadings and then subsequently relied upon by the Bankruptcy Court, does not dispense with the rebuttable presumption that the holder of a note is presumed to be the owner of the debt. Even assuming the Debtor is correct, however, this is not an issue for this case. The <u>J.E. Robert</u> case states that even if a plaintiff is not the owner and not the holder of a note then it still has standing to pursue a foreclosure action, "if it otherwise has established the right to enforce the instrument." <u>Id</u>. at 327-328.

In this case, it is clear that the Bankruptcy Court found Chase to be the holder of the Note and its rights to enforce the Note flowed from its status as a holder. <u>See</u>, <u>Wells Fargo, N.A. Bank v. Tarzia</u>, 150 Conn.App. 660 (2014). (Holder of note has standing to foreclose.) <u>See also</u>, <u>BAC Home Loans Servicing, LP v. Farins</u>, 154 Conn.App. 265 (2014). (Plaintiff's possession of original note and court's ability to review the original note sufficient to establish plaintiff as holder of note having standing to foreclose.) The Bankruptcy Court did not have to have the document in front of it that stated that Chase was authorized to enforce the debt as that was unnecessary. It had already found Chase was the holder.

As stated above, Debtor's counsel has already inspected the Note prior to the hearing and the Note was present at the hearing. Moreover, Chase has already

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

represented that the original Note is in its possession and is available for inspection. See, Motion for Leave to Amend Claim, Doc. # 37 at 3. Chase, by way of its possession of the Note, is a valid holder of the instrument and, therefore, is entitled to enforce it. See, Ninth RMA Partners, L.P. v. Krass, 57 Conn.App. 1, 7, 746 A.2d 826, cert. denied, 578 253 Conn. 918, 755 A.2d 215 (2000). The production of the note establishes his case prima facie against the makers and he may rest there.... It [is] for the [makers] to set up and prove the facts which limit or change the [bearer's] rights." SKW Real Estate Ltd. Partnership v. Gallicchio, 49 Conn.App. 563, 571, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998).

As a result, the Debtor's argument is misplaced and attempting to rely on the J.E. Robert case is unavailing because it is not relevant to what has occurred in this case. In this case, we are not dealing with a situation in which a party seeking to enforce a note is neither the owner nor the holder and, therefore, is required to present something more to show it has standing. Rather, we are dealing with a party that has already proven to the Bankruptcy Court's satisfaction that it is the holder. Therefore, the issue of whether a rebuttable presumption has been eliminated is completely irrelevant.

If this were not enough, there is still no substantial difference of opinion within the Second Circuit on this issue. In fact, when discussing this issue, the Debtor only cites to one other case and even then states, "[i]t is not clear that the court in JE Robert dispensed with the presumption". See, Motion at 7. This is a far cry from showing a "substantial difference of opinion" on this issue. Lastly, distilled to its essence, this is, again a factual dispute. This is because the J.E. Robert case would only appear to create a legal issue if

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the Bankruptcy Court had not found Chase to be the holder of the Note. Only at that point, would Chase then have had to demonstrate that it had some other basis for its standing to enforce the Note. When viewed in this context, this question really involves a factual dispute, i.e. the Debtor's believe that Chase should not have been found to be the holder of the Note. For all of those reasons, this issue does not provide a valid basis to allow leave to appeal.

## III. CONCLUSION

In short, the Debtor does not raise any "type of rare situation which demands immediate review." In re Manhattan Investment Fund, Ltd., et al. 288 B.R. 52 (S.D.N.Y., 2002) at 58. As demonstrated above, all of the questions presented by the Debtor are essentially factual in nature. Even the last question, when viewed properly, essentially takes issue with the Bankruptcy Court's finding of Chase as the holder. Moreover, the Debtor has not directed this Court to any case law on any of these questions which demonstrates there is a "substantial difference of opinion" on the controlling questions of law. As a result, because the Debtor has failed to meet the legal standard for obtaining leave to appeal, Chase respectfully requests that the Debtor's Motion be denied.

Dated at Hartford, Connecticut, this 31st day of March, 2015.

SECURED CREDITOR,
JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION

BY: _____

Michael S. Wrona
Fed. Bar No. ct24105
HALLORAN & SAGE LLP
wrona@halloran-sage.com

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on the 31st day of March, 2015, a copy of the foregoing was electronically filed and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Michael S. Wrona

3728393v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 13 -
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105